THE PEOPLE OF THE TERRITORY OF GUAM

v.

ARNOLD B. RICO

Criminal Case No. 210F

Superior Court of Guam

January 4, 1979

**BENSON,** *Judge*

## DECISION AND ORDER

This matter came before the Court on defendant's Motion to Suppress. The defendant was represented by Joan Baumgarten and the territory of Guam was represented by David Williams. The motion was heard before the Honorable Richard H. Benson on November 22, 1978, and January 2, 1979, and decision was reserved.

The territory of Guam raised the threshold issue of defendant's standing to challenge the search. Defendant has a substantial possessory interest in the premises searched as a resident of the apartment. The Court finds that defendant meets the criteria established for standing by the U.S. Supreme Court in *Jones v. United States*, 362 U.S. 258, 80 S.Ct. 725 (1960).

Defendant's Motion to Suppress is premised on the alleged failure of the affidavit to establish probable cause. The Court notes that affidavits should be tested in "a common-sense and realistic fashion", and reviewing courts should "not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner". *United States v. Ventresca*, 380 U.S. 104, 85 S.Ct. 741 (1965).

Probable cause for the issuance of a search warrant can be established by the timeworn procedure of searching an informant, "finding him to be without money or drugs,

supplying him with money, watching him enter the premises and leave it, and finally searching him to determine that the money had been spent and drugs obtained". *United States v. McKetham,* 247 F.Supp. 324 at 327 (1965). The District Court of Guam in *United States v. William Pangelinan,* D.C. Criminal Case No. 78-000 28, found probable cause extant on the basis of this methodology. In the instant case, the affiant did not accompany the informant to the residence. Rather, the affiant stopped his vehicle one-quarter mile from the defendant's residence. He then waited at that location several minutes before observing the informant driving towards him. During that time the informant was not, and could not, be continually observed by the affiant. Defendant's apartment is located in a residential area in which there are numerous other dwelling houses. The control necessary to provide probable cause through the above-mentioned procedure was not present.

Another construction posited is that it is an affidavit in which the affiant's testimony relies upon the anonymous tip of the informant, CRI. Under this construction, the affidavit must meet the two-prong test of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509 (1964). The court finds that the affidavit does not adequately comply with the second prong of the *Aguilar* test. That prong requires that "the affidavit state sufficient underlying circumstances establishing the reliability or credibility of the informant". Whitebread, Constitutional Criminal Procedure 49 (1st ed. 1978). The affidavit sets forth the facts of two prior controlled buys in which the informant, CRI, was followed to within one block of the residence from which he purchased the controlled substance. These facts are illustrative of CRI's reliability as a vehicle for a controlled buy. They do not state sufficient circumstances establishing CRI's reliability or credibility in providing tips to the affiant or other police officers.

*Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584 (1969), provides an alternative route to the establishment of the credibility prong. Corroboration through independent police observation can validate a tip found inadequate under *Aguilar*. However, the affidavit does not contain independent police observation of criminal activity at the defendant's residence.

For the aforementioned reasons, defendant's Motion to Suppress is granted.

SO ORDERED.